IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Civil Action No.: _____

| | |
|---|---|
| TRAVIS FORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | (JURY TRIAL REQUESTED) |
| ) | |
| CHERVON NORTH AMERICA, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## COMPLAINT

COME NOW the Plaintiff, Mr. Travis Ford ("Ford"), by and through its undersigned attorneys, and for its complaint against defendant Chervon North America, Inc., ("Chervon"), would respectfully show this Court the following:

## THE PARTIES

1. Plaintiff Ford is a South Carolina citizen and resident who at all times hereinafter mentioned was the owner of a home at 214 Franklin Oaks Lane, Greer, South Carolina 29651.

2. At all times relevant hereto, Travelers provided property insurance coverage to its insured Travis Ford against losses from certain perils and causing certain damage to his home and under which said insurance policy was in full force and effect.

3. Defendant Chervon is a foreign corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 1203 East Warrenville Road, Naperville, Illinoi 60563. At all times hereinafter mentioned, defendant Chervon was engaged in, inter alia, the business of designing, manufacturing, selling, supplying and/or

distributing outdoor power equipment under the brand name EGO Power+ ("EGO"). Chervon advertises EGO's battery technology on the website http://egopowerplus.com. Chervon can be served with process by serving its registered agent at: Scott Dwyer, 900 Monroe Avenue NW, Grand Rapids, Michigan 49503.

## JURISDICTION AND VENUE

4. Original jurisdiction of this Court exists pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. This Court has personal jurisdiction over the parties to this action in accordance with S.C. Code Ann. 36-2-802 (1976) and/or S.C. Code Ann. 36-2-803 (1976).

6. Venue is proper in accordance with S.C. Code Ann. 15-7-30 (1976).

## GENERAL ALLEGATIONS

7. At all relevant times, Chervon's EGO-branded outdoor power equipment is advertised and offered for sale at multiple retail outlets within South Carolina and elsewhere, including but not limited to The Home Depot. *See* htttps://egopowerplus.com/apps/store-locator.

8. Prior to September 9, 2017, Mr. Ford purchased an EGO leaf blower with 56 Volt lithium-ion battery ("EGO leaf blower") from Home Depot in the Greer, South Carolina area.

9. Prior to and on September 9, 2017 Mr. Ford charged the leaf blower. Mr. Ford typically placed the battery for the EGO leaf blower on charge after each use until the next use.

10. The battery for the EGO leaf blower had been charging for a couple of days prior to September 9, 2017.

11. On September 9, 2017 Mr. Ford used the EGO leaf blower for approximately 10-15 minutes.

12. After using the leaf blower, Mr. Ford placed the EGO leaf blower on his patio/deck.

13. On September 9, 2017, a fire occurred in defendant's EGO leaf blower and the fire spread to and damaged/destroyed Plaintiff's home and personal property therein.

14. The fire and resultant damages were caused by a defect in the EGO leaf blower manufactured, designed and sold by defendant.

15. As a direct and proximate result of the fire and resultant damages, Plaintiff sustained damages in an amount in excess of $500,000.00.

## COUNT I – STRICT LIABILITY

16. Plaintiff realleges Paragraphs 1 through 15 and incorporates the same herein by reference.

17. At all times set forth herein, Defendant was engaged in the business of designing, manufacturing, marketing, selling, and/or distributing lithium-ion battery powered outdoor equipment such as the EGO brand leaf blower.

18. The fire and the resulting damage to Mr. Ford's property was caused by the actions of the defendant Chervon in designing, manufacturing, selling and/or distributing a defective EGO leaf blower which constitutes a defective product which defendant Chervon knew or should have known subjected Mr. Ford's property to an unreasonable risk of harm.

19. Feasible alternatives existed that could have eliminated the risk of fire and made the EGO leaf blower safer for its intended use at the time it was designed and manufactured by the Defendant.

20.     The EGO leaf blower reached Mr. Ford in essentially the same condition as when it left Defendant's possession at the time when it was first sold.

21.     Mr. Ford was using the EGO leaf blower as intended when the EGO leaf blower catastrophically failed and ignited the fire.

22.     Defendant is in violation of South Carolina Code § 15-73-10 for having designed, manufactured, sold, and/or distributed the EGO leaf blower which was in a defective condition and which was unreasonably dangerous.

23.     The fire would not have occurred if the EGO leaf blower was properly manufactured and/or designed.

24.     As a result of the actions of defendant Chervon, for which it is strictly liable, Plaintiff sustained substantial damage to his property in an amount in excess of Five Hundred Thousand Dollars ($500,000.00)

WHEREFORE, Plaintiff requests that this Court:

1.     Order a trial by jury on all issues enumerated in this Complaint;

2.     Order that Plaintiff recovers from the defendant damages in an amount in excess of Five Hundred Thousand Dollars ($500,000.00); pre-judgment interest as allowed by law and the costs of this action and

3.     Order such other and further relief as this Court deems just and proper.

## COUNT II – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

25.     Plaintiff realleges Paragraphs 1 through 15 and incorporates the same herein by reference.

26.     Defendant Chervon is a merchant with respect to the aforementioned Ego leaf blower.

4

27. Defendant Chervon caused to be placed into the marketplace an EGO leaf blower in a defective condition which it impliedly warranted to be of merchantable quality. The EGO leaf blower was not fit nor safe for the ordinary purpose for which it was intended, nor was it fit for any other foreseeable use, nor did it conform to the descriptions which were evidenced on his labels and advertisements nor was it of merchantable quality, because of the following breaches:

> (a) the design and manufacture of the EGO leaf blower was unreasonably dangerous in that it was not safe for use as an EGO leaf blower and could cause a fire and damage; and

28. Defendant is in violation of South Carolina Code § 36-2-314 and § 36-2-315 for having designed, manufactured, sold, and/or distributed the EGO leaf blower which were neither fit for their particular purpose, nor safe for the ordinary purpose for which it was intended, nor was it merchantable.

29. As a direct and proximate result of the breach by defendant of this implied warranty of merchantability, Plaintiff sustained damages to his property in an amount in excess of Five Hundred Thousand Dollars ($500,000.00) as hereinbefore averred.

WHEREFORE, Plaintiff request that this Court:

1. Order a trial by jury on all issues enumerated in this Complaint;

2. Order that Plaintiff recover from the defendant damages in an amount in excess of Five Hundred Thousand Dollars ($500,000.00); pre-judgment interest as allowed by law and the costs of this action;

3. Order such other and further relief as this Court deems just and proper.

## COUNT III – NEGLIGENCE

30. Plaintiff realleges Paragraphs 1 through 15 and incorporates the same herein by reference.

31. At all times material hereto Defendant designed, manufactured, and sold the EGO leaf blower.

32. The Defendant owed a duty to the general public and specifically to Mr. Ford to exercise reasonable care and to comply with industry standards in the design, development, manufacture, and sale of their EGO leaf blowers including the EGO leaf blower at issue in this lawsuit.

33. Defendant Chervon, by reason of the conduct of his agents, employees and representatives, breached its duty to use due care by committing one or more of the following negligent acts or omission, including, but not limited to, the following:

>  (a)  failing to properly design the EGO leaf blower;
>
>  (b)  failing to properly manufacture the EGO leaf blower;
>
>  (c)  supplying and distributing a defectively designed and manufactured EGO leaf blower which it knew or should have known would subject the Plaintiff' property to an unreasonable risk of harm;
>
>  (d)  failing to adequately and properly supervise, direct and/or inspect the manufacturer and design of the EGO leaf blower, which supervision, direction and inspection would have revealed defects in the EGO leaf blower;
>
>  (e)  selling the EGO leaf blower in a defective condition unreasonably dangerous to Mr. Ford;
>
>  (f)  failing to warn Mr. Ford of the aforesaid defective condition of the EGO leaf blower, which it knew or should have known existed and created an unreasonable risk of harm to the property of Mr. Ford;
>
>  (g)  failing to warn Mr. Ford of the defective design of the EGO leaf blower after it placed the leaf blower into the stream of commerce;
>
>  (h)  otherwise failing to use due care.

34. As a direct and proximate result of the foregoing negligence, carelessness and negligent omissions of defendant, his agents, servants, workmen and/or employees, Plaintiff sustained damage, as hereinbefore averred, in an amount in excess of Five Hundred Thousand Dollars ($500,000.00).

WHEREFORE, Plaintiff request that this Court:

1. Order a trial by jury on all issues enumerated in this Complaint;

2. Order that Plaintiff recover from the defendant damages in an amount in excess of Five Hundred Thousand Dollars ($500,000.00); pre-judgment interest as allowed by law and the costs of this action;

3. Order such other and further relief as this Court deems just and proper.

This the 1st day of March, 2019.

SALTZ NALIBOTSKY

/s/Albert S. Nalibotsky
Albert S. Nalibotsky, Esquire
S.C. Bar No.: 65469     Federal Bar ID 10100
One Morrocroft Centre
6805 Morrison Blvd., Suite 470
Charlotte, North Carolina
Phone: 704-910-2680
Email: analibotsky@s-nlaw.com
*Counsel for Plaintiff*

7